51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard E. MEARS, Petitioner-Appellant,
v.
Richard THORNBURGH, U.S. Attorney General; Mike Hill,
Sedgwick County Sheriff; Richard Schroeder, U.S.
Marshal; U.S. Parole Commission,
Respondents-Appellees.
 No. 94-3128.
 United States Court of Appeals, Tenth Circuit.
 March 17, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Mears appeals from the dismissal of his habeas corpus petition, 28 U.S.C. 2241. Additionally, Mr. Mears seeks leave to proceed in forma pauperis and appointment of counsel on appeal. Our jurisdiction arises out of 28 U.S.C. 2253 and we affirm.
 
 
 2
 In his habeas petition, Mr. Mears attacks the action of the United States Parole Commission (the "Commission") in attaching a special condition to his parole. Specifically, he claims that (1) the special drug and alcohol aftercare condition violated his constitutional rights, (2) the allegations that he failed to report a change in residence, and (3) that he failed to report to his parole officer are insufficient to constitute grounds for revocation of his parole.
 
 
 3
 The district court rejected Mr. Mears' first claim, holding that his constitutional rights were not violated and that the Commission had a rational basis for imposing the condition on his parole. The second two claims were dismissed because Mr. Mears had failed to exhaust his administrative remedies. We agree with the analysis in the district judge's memorandum and order of April 13, 1994, I R. doc. 58, and therefore affirm for substantially the same reasons. Furthermore, we will not consider matters raised on appeal which were not part of the original habeas petition.
 
 
 4
 We GRANT Mr. Mears leave to appeal in forma pauperis but DENY his motion for appointment of counsel on appeal.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument